# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT WEST, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 11-cv-05952 |
| ) | |
| NEDRA CHANDLER, ) | Judge Robert M. Dow, Jr., |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Respondent Nedra Chandler's motion to dismiss [33] Petitioner Robert West's amended petition for a writ of habeas corpus [20] on the ground that the petition is time barred under the one-year statute of limitations that applies to federal habeas corpus petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). For the reasons stated below, Respondent's motion [33] is granted.

**I.   Background**

Petitioner was convicted of robbery after a jury trial and sentenced to a term of 28 years in November 1992 (91 CR 20440, or the "'40 conviction"). In June 1993, he was convicted of armed robbery after a bench trial before a different judge and sentenced to a term of 20 years, to run consecutively with the 28-year term (91 CR 20439, or the "'39 conviction"). In September 1993, Petitioner was convicted of armed robbery after a bench trial before the same judge who had presided over his June 1993 bench trial. Petitioner was sentenced to a term of 12 years, to run consecutively with the previous two terms (91 CR 20433, or the "'33 conviction"). Petitioner thus was effectively sentenced to 60 years' imprisonment. None of the sentencing documents

mentioned mandatory supervised release ("MSR"), which is imposed by operation of state statute on all individuals convicted of felonies in Illinois. See 730 ILCS 5/5-8-1(d).

Petitioner challenged all three convictions on direct appeal. The Illinois Appellate Court affirmed the '33 conviction and sentence on September 27, 1995, the '39 conviction and sentence on May 22, 1996, and the '40 conviction and sentence on June 5, 1996. Petitioner did not seek leave to appeal any of these decisions to the Illinois Supreme Court.

Petitioner also filed a series of post-conviction petitions challenging various combinations of his three convictions. He filed his first, challenging the '40 conviction, in November 1995. The trial court summarily dismissed the petition on January 19, 1996, and the Appellate Court affirmed on January 21, 1998. Petitioner's second post-conviction petition, filed July 29, 1996, challenged his '33 and '39 convictions. The Appellate Court affirmed the trial court's dismissal of this petition on December 24, 1996. Petitioner filed a third post-conviction petition, this one challenging only the '39 conviction, on October 29, 1996. The trial court summarily dismissed the petition on November 27, 1996. The record indicates that the Appellate Court affirmed the dismissal, but does not include the date of the dismissal. Petitioner did not pursue Illinois Supreme Court review any of these post-conviction petitions.

In June 2001, Petitioner challenged his sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). The trial court dismissed the challenge, and the Appellate Court affirmed on May 7, 2002. Petitioner did not seek further review of the Appellate Court's decision.

On October 18, 2005, Petitioner filed a state petition for a writ of habeas corpus relating to the '33 and '39 convictions. The trial court denied that petition, and the Appellate Court affirmed on July 13, 2007.

On July 3, 2008, Petitioner filed a "Motion for Leave to File Successive Post-Conviction Petition," and, along with it, a "Petition for Relief from Judgment or, Alternatively, Successive Post-Conviction Petition" in an attempt to further attack the '33 and '39 convictions. The trial court denied leave to file the successive petition on September 8, 2008, and reaffirmed its ruling on February 4, 2009. The Appellate Court affirmed the trial court's judgment on March 4, 2011. The Illinois Supreme Court denied leave to appeal on May 25, 2011.

On April 22, 2009, Petitioner filed a petition for a writ of mandamus, challenging for the first time the authority of the Illinois Department of Corrections to subject him to MSR in addition to the aggregate 60-year term he was serving on the '33, '39, and '40 convictions. The Appellate Court affirmed the trial court's denial of the writ on March 12, 2010, and the Illinois Supreme Court denied leave to appeal on May 26, 2010.

Petitioner filed his petition for federal habeas corpus relief on August 26, 2011 [1]. In it, he sought to challenge all three of his convictions ('33, '39, and '40). See [1]. Respondent filed a motion to clarify [14], contending that Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts required Petitioner to file a separate petition for each judgment he sought to challenge. The Court granted Respondent's motion [18], and Petitioner subsequently filed a substantially similar amended petition that identified only the '33 conviction as the "Case Number of State Court Conviction." See [20].

Petitioner's amended petition asserts three grounds for relief. First, he alleges that prison officials' attempts to impose on him a period of MSR at the conclusion of his aggregate 60-year term violates his Fourteenth Amendment due process and equal protection rights by depriving him of liberty beyond his lawful release date. [20] at 9-17. Second, he alleges that his trial counsel in the '33 case rendered ineffective assistance because he failed to investigate and put

3

before the court Petitioner's family history, which Petitioner alleges would have revealed "extant mental problems stemming from a horrendous childhood." [20] at 17-23. Third, Petitioner alleges that his appellate counsel was ineffective for failing to raise on appeal his alleged unfitness to stand trial. [20] at 23. Respondent has moved to dismiss the petition as time-barred [33].

## II. Analysis

It is undisputed that Petitioner has no further state court avenues of review, and thus he has exhausted his available state remedies as required by 28 U.S.C. § 2254(b). The question raised in Respondent's motion is whether the petition should be dismissed as untimely under the one-year statute of limitations for Section 2254 petitions set forth in 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner does not allege a state-created impediment to filing or a newly recognized and retroactive constitutional right. See 28 U.S.C. § 2244(d)(1)(B), (C). He does claim that the judgment on his '33 conviction "was not final so as to start the one-year clock under § 2241(d)" because it did not explicitly mention the MSR term required by statute. [42] at 11. Petitioner asserts that "the absence of the statutorily required MSR term necessarily means that the judgment of conviction and sentence entered by the trial court in 1993 is void – so that no final appealable order existed in the case at bar until the dismissal of the mandamus petition attacking it as such on April 18, 2009." [42] at 25 ¶ 78. He also makes the related assertion that the factual predicate for his petition is not "the 1993 judgment of conviction, but [rather] the subsequent action by prison officials expressing their intention to force Petitioner to serve a future sentence of Mandatory Supervised Release." [42] at 10. Petitioner does not make clear when prison officials allegedly first expressed this intention, but he attached to his mandamus petition a calculation sheet bearing the dates "9/28/04" and "10-5-04." See [35-1] at 111.

Respondent asserts that "even if petitioner were correct that the 1993 sentencing order did not include the statutorily included three-year MSR term * * * the sentencing order would not be any less 'final' for the error." [43] at 2. The Court agrees. In Illinois criminal cases, final judgment exists at "the imposition of sentence." *People v. Harrison*, 865 N.E.2d 237, 238 (Ill. App. Ct. 1st Dist. 2007). A sentence was imposed upon Petitioner in the '33 case on September 15, 1993, rendering his case "final" for purposes of direct appeal at that time regardless of the sentence's correctness.

The sentencing order's silence regarding the MSR term was not an error in any event. The then-current version of the Illinois statute imposing MSR indeed contemplated the omission of the term from sentencing orders: "every sentence shall include as though written therein a term in addition to the term of imprisonment * * * [and] such term shall be identified as a mandatory supervised release term * * *." 730 ILCS 5/5-8-1(d) (West 1991) (emphasis added). The Illinois Supreme Court has also made clear that "the court has no power to withhold such period in imposing sentence." *People v. Whitfield*, 840 N.E.2d 658, 672 (Ill. 2005). Thus, by operation of statute – as Petitioner recognizes, [42] at 25 ¶ 77 – Petitioner's sentence for the '33 conviction included the MSR term notwithstanding its silence on the issue. The date on which prison officials made clear to Petitioner that they intended to include the MSR period in their sentencing calculations, whatever it may be, is irrelevant to the finality of the '33 conviction. It also is not a new factual development for purposes of § 2244(d)(1)(D); the MSR statute was on the books at the time of Petitioner's sentencing.

The '33 conviction became "final" for purposes of § 2244(d)(1)(A) on October 15, 1995, the date on which Petitioner's window of opportunity to seek Illinois Supreme Court review closed. See *Gonzales v. Thaler*, 132 S. Ct. 641, 653-54 (2012); Ill. Sup. Ct. R. 315(b) (pre-2006 version) (granting 21 days from date of appellate court judgment to file a petition for leave to appeal, unless within that period appellant filed an affidavit of intent to file a petition for leave to appeal, which extended the time to 35 days). But because this date of finality pre-dated AEDPA, the one-year period contemplated by § 2244(d)(1)(A) did not actually begin running until April 24, 1996. *Wood v. Milyard*, 132 S. Ct. 1826, 1831 (2012); *Johnson v. McCaughtry*, 264 F.3d 559, 562 (7th Cir. 2001).

Petitioner's one-year clock began running on April 24, 1996, but the time did not run continuously from that point forward. 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." The Supreme Court has explained that an application for post-conviction relief is "pending" "as long as the ordinary state collateral review process is 'in continuance' – *i.e.*, 'until the completion of' that process. In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002). Additionally, "[t]he time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006) (emphasis in original).

Applying these principles, the one-year clock pertaining to the '33 conviction started running on April 24, 1996, and stopped 96 days later on July 29, 1996, when Petitioner filed his first post-conviction attack on the '33 and '39 convictions. The trial court summarily dismissed the petition, and the Appellate Court affirmed on December 24, 1996. Petitioner did not seek leave to appeal. The Illinois Supreme Court has held that "the appellate court loses jurisdiction of an appeal 21 days after it has been dismissed, unless within that time a litigant files a petition for rehearing or a motion to extend the time for filing," *People v. Lyles*, 840 N.E.2d 1187, 1191 (Ill. 2005), so Petitioner's case remained "pending" until these 21 days expired on January 14, 1997. The clock then resumed ticking on January 15, 1997, ran uninterrupted for 269 days, and stopped on October 11, 1997. Even though Petitioner filed – and the state courts entertained – a state

habeas corpus action challenging the '33 conviction eight years later, in October 2005, these proceedings (and those subsequent to them) had no tolling effect under § 2244(d)(2). See *Teas v. Endicott*, 494 F.3d 580, 582-83 (7th Cir. 2007) ("[T]he time under § 2244(d)(1)(A) had expired long before Teas filed his federal petition – and, because no application for collateral review was 'pending' in state court between January 2002 and March 2005, the tolling rule of § 2244(d)(2) does not make the petition timely."); *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) ("The state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceeding * * *."). Petitioner's current filing – filed almost fourteen years after the one-year clock stopped – is untimely.

Petitioner has not demonstrated that equitable tolling should excuse his untimely filing. In general, under the doctrine of equitable tolling, a court may toll the statute of limitations to benefit an otherwise untimely litigant if the litigant can establish that (i) she had been pursuing his rights diligently and (ii) some extraordinary circumstance prevented timely action. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005). The Seventh Circuit has suggested that equitable tolling might be applied to 28 U.S.C. §2244(d) "when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007). At the same time, the court of appeals has stressed that "[e]quitable tolling is rarely granted" and recently observed that "we have yet to identify a petitioner whose circumstances warrant it." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Plaintiff does not argue for equitable tolling, and nothing in the record suggests that Plaintiff pursued his rights diligently yet was thwarted by some "extraordinary circumstance" that prevented him from complying with AEDPA's limitations period. *Pace*, 544 U.S. at 418.

In short, the one-year limitations period under the AEDPA expired long before Petitioner filed the instant petition, notwithstanding the multiple collateral attacks he filed in state court. Petitioner's arguments that this case is an appropriate case for invoking Section 2244(d)(1)(A) or (D) are unavailing as a matter of fact, law, or both.

### III. Certificate of Appealability

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2254 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Accordingly, the Court must determine whether to grant Petitioner a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A habeas petitioner does not have an absolute right to appeal a district court's denial of his habeas petition; instead, he must first request a certificate of appealability. See *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009). A habeas petitioner is entitled to a certificate of appealability only if he can make a substantial showing of the denial of a constitutional right. *Miller-El*, 537 U.S. at 336; *Evans v. Circuit Court of Cook County, Ill.*, 569 F.3d 665, 667 (7th Cir. 2009). Under this standard, Petitioner West must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). And in cases where a district court denies a habeas claim on procedural grounds, the court should issue a certificate of appealability only if the petitioner shows that (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it

debatable whether the district court was correct in its procedural ruling. See *Slack*, 529 U.S. at 485.

The Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, nor is there any reason to conclude that reasonable jurists would differ on whether his claims are time-barred under 28 U.S.C. § 2244(d)(1). Thus, the Court declines to certify any issues for appeal pursuant to 28 U.S.C. § 2253(c)(2).

## IV. Conclusion

For these reasons, the Court grants Respondent Nedra Chandler's motion to dismiss [33] Petitioner Robert West's petition for habeas corpus as time-barred under 28 U.S.C. § 2244(d)(1). The Court declines to certify any issues for appeal under 28 U.S.C. § 2253(c)(2).

Dated: February 22, 2013

Robert M. Dow, Jr.
United States District Judge